UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| PAVAN NANJIREDDY ) | Civil Action No.  -cv-_____ |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | (Tort-Automobile Accident) |
| -vs- ) | (Jury Trial Requested) |
| ) | |
| TENNEESEE NATIONAL GUARD, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

TO:   THE ABOVE-NAMED DEFENDANT AND DEFENDANT'S ATTORNEY(S):

The Plaintiffs above named complaining of the Defendants herein says as follows:

1. That Plaintiff Pavan Nanjireddy is a citizen and resident of the County of Richland, State of South Carolina.

3. That David Scott Greer, upon information and belief, is a citizen and resident of the County of Sullivan, State of Tennessee, and a member of the Tennessee National Guard.

4. That Defendant Tennessee National Guard is a department of the military branch of the United States Government.

6. That at all times alleged herein, upon information and belief, David Scott Greer was in the scope of duties as a member of the Tennessee National Guard and driving a vehicle owned and maintained by the United States.

7. That on or about January 2nd, 2019, around 1:57 p.m, the Plaintiff Pavan Nanjireddy was driving a 2007 Honda van in the middle lane of traffic on I-126 in Columbia, South Carolina.

8.      That at the above date, time and place, the David Scott Greer was operating a 2018 Dodge van owned by the United States government traveling beside Plaintiff in the outside lane of travel.

9.      That at the above date, time and place, as was Plaintiff traveling, suddenly and without warning David Scott Greer veered into Plaintiff's vehicle, slamming into the right side of the vehicle.

**Negligence, Negligence per se, Gross Negligence, and Recklessness of David Scott Greer**

10.     Greer, who at all times his actions are imputed to the Tennessee National Guard through respondeat superior as he was withing the scope of his duties, by his acts and omissions, was negligent, grossly negligent, negligent *per se*, careless, reckless, willful and wanton in one or more of the following particulars, to wit:

(a) In then and there failing to keep a proper lookout;

(b) In then and there failing to maintain proper control over the aforesaid motor vehicle;

(c) In failing to yield the right-of-way to the Plaintiff;

(d) In then and there traveling too fast for conditions on the roadway;

(e) In then and there operating said motor vehicle at a rate of speed that was excessive under the circumstances then prevailing;

(f) In then and there failing to equip said motor vehicle with an adequate signaling device or horn; and if so properly equipped, in failing to properly utilize it;

(g) In then and there failing to equip said motor vehicle with adequate brakes or braking

      system; and if so properly equipped, in failing to properly utilize them;

(h)  In then and there failing to equip the said motor vehicle with adequate and safe steering mechanisms; and if so properly equipped, in failing to properly utilize them;

(i)  In then and there failing to take advantage of any last clear chance to avoid striking the Plaintiff's vehicle;

(j)  In then and there colliding with the Plaintiff's vehicle;

(k)  In then and there failing to properly observe the road and traffic conditions;

(l)  In then and there failing to exercise that degree of care which a reasonable and prudent person would have exercised under the same or similar circumstances;

(m)  In then and there operating a motor vehicle with a reckless disregard for the rights and safety of others and specifically the rights and safety of Plaintiff; and

(n)  All of which were the direct and proximate cause of the injuries and damages the Plaintiff suffered, as are more fully set forth below, said acts being in violation of the laws of the State of South Carolina.

11.  As the direct and proximate result of the aforesaid negligence, grossly negligent, careless, reckless, negligent *per se*, willful and wanton acts or omissions of Greer, Plaintiff suffered great and permanent physical harm and injury from being thrown about inside his vehicle, all of which has and will, upon information and belief, in the future cause him to undergo much physical pain, suffering, and mental anguish, and has and will, upon information

and belief, in the future cause them to have to spend money for medicine and medical services and has caused him to suffer economic losses including property damage.

## Negligence of Tennessee National Guard

12.    Defendant Tennessee National Guard, by its acts and omissions, was negligent, grossly negligent, negligent *per se*, careless, reckless, willful and wanton in one or more of the following particulars, to wit:

    (a)    In then and there failing to exercise due care in the hiring, training and supervision of its member, Greer;

    (b)    Respondeat superior;

    (c)    All of which was a direct and proximate cause of the injuries and damages Plaintiff suffered, as are more fully set forth below, said acts being in violation of the laws of the State of South Carolina.

14.    As the direct and proximate result of the aforesaid negligence, grossly negligent, careless, reckless, negligent *per se*, willful and wanton acts or omissions of Defendant Tennessee National Guard, Plaintiff suffered great and permanent physical harm and injury from being thrown about inside his vehicle, all of which has and will, upon information and belief, in the future cause him to undergo much physical pain, suffering, and mental anguish, and has and will, upon information and belief, in the future cause him to have to spend money for medicine and medical services and has caused him to suffer economic losses including property damage.

WHEREFORE, Plaintiff prays for judgment against Defendant on claims of negligence, gross negligence, carelessness, recklessness, negligence *per se,* and willfulness in such sum of

4

actual and punitive damages, as well as damages for property loss, that a trier of fact may determine together with such other relief this Court may deem just and proper.

                                              GEORGE SINK, P.A. INJURY LAWYERS

                                              *s/Mark A. Sawyer, Jr.*
                                              Mark A. Sawyer, Jr.
                                              SC Bar#76140 and US District Court Bar #12136
                                              Attorney for the Plaintiff
                                              7011 Rivers Avenue, Suite 105
                                              North Charleston, S.C. 29406
                                              (843) 569-1700
                                              MSawyer@sinklaw.com

North Charleston, SC
February 1st, 2022